# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **AUTO-OWNERS INSURANCE, COMPANY** | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 5:08-CV-049 (HL) |
| **HICKORY SPRINGS ESTATES HOMEOWNERS ASSOCIATION, INC., EDWARD M. BECKHAM, III AND RICHARD CRAFT** | : : : : : | |
| Defendants. | : | |

## ORDER

Before the Court are Defendants Hickory Springs Estates Homeowners Association, Inc. and Edward M. Beckham, III's Motion to Dismiss or, in the alternative to stay, Plaintiff's Complaint (Doc. 5). Defendant Richard Craft also filed a separate Motion to Dismiss or, in the alternative, to stay Plaintiff's Complaint (Doc. 11). For the following reasons, the Court DENIES Defendants' motions.

**I.     BACKGROUND**

Defendant Hickory Springs Estates Homeowners Association ("Hickory Springs") is a neighborhood association organized in conjunction with Hickory

1

Springs Estates located in Macon, Georgia.  On March 28, 2006, a dam located in Hickory Springs Estates and upstream from Defendant Richard Craft ("Craft") failed, allegedly causing damages to Craft's property.  Subsequently, on June 15, 200, Craft filed a complaint in the Superior Court of Macon County, Georgia against Hickory Springs and Edward M. Beckham ("Beckham"), the President and Registered Agent of Hickory Springs.[1]  The complaint filed by Craft in state court alleges that Hickory Springs failed to implement proper erosion and sedimentation control measures at the dam.  Craft's state court complaint seeks recovery for damages on the grounds of continuing nuisance, takings under the Constitution of the State of Georgia and under the 5th and 14th Amendments to the U.S. Constitution, trespass and breach of contract.

On February 29, 2008, Auto-Owners Insurance Company ("Auto-Owners") brought this present action for declaratory judgement pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and legal relations with respect to the underlying dispute.  Having issued a commercial general liability insurance policy to Hickory Springs that provided certain coverage during the time period of interest, Auto-Owners seeks a

---

[1] The underlying state action was styled <u>Richard Craft v. Hickory Springs Estates Homeowners Association, Inc., and Edward M. Beckham, III</u>, Civil Action No. 2007-CV-221.  Following a motion to transfer venue, the case was transferred to the Superior Court of Houston County, Georgia, Civil Action No. 2008-V-091191L, where it is currently pending.

declaration that it has no duty to defend or indemnify Hickory Springs or Beckham in the underlying action.[2] After receiving notice of the underlying action, Auto-Owners retained counsel to defend Hickory Springs and Beckham and also issued letters to both in which Auto-Owners provided notice of its reservation of rights to contest coverage under the policy for claims asserted in the underlying action.

Following this present action, Auto-Owners filed a motion in the underlying state court action seeking to stay the proceedings pending resolution of the insurance coverage issues presented in this case.[3] The issue of insurance coverage is not currently before the Georgia court, but is exclusive to these

---

[2] In the Complaint (Doc. 1), Auto-Owners relies upon several policy provisions and exclusions as support for its claim that it owes no duty to defend or indemnify Hickory Springs and Beckham. Specifically, Auto-Owners asserts as follows: (1) coverage is precluded by the lack of "property damages" or any other covered damages; (2) coverage is precluded by the lack of an "occurrence" and any damages were expected from the standpoint of the insured; (3) coverage is precluded by the exclusion for damages arising out of the discharge, dispersal, seepage, migration, release or escape of "pollutants" from any location which is or was owned or occupied by, or rented or loaned to Hickory Springs; (4) coverage is precluded by the exclusion for requests that an insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of pollutants; and (5) coverage is precluded for attorney fees because the policy affords no coverage for such fees. (Complaint (Doc. 1), ¶¶ 27-43).

[3] Auto-Owners was not a named party in the underlying action. Auto-Owners therefore moved to intervene in the underlying action should the state court determine Auto-Owners lacks standing to bring the motion to stay the proceedings. This Court is without knowledge of whether a ruling has been issued regarding Auto-Owner's motion to stay in the underlying action.

proceedings.

## II.    DISCUSSION

The Declaratory Judgment Act provides that: "In a case of *actual controversy* within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such a determination, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). "Congress limited federal jurisdiction under the Declaratory Judgment Act to actual controversies, in statutory recognition of the fact that federal judicial power under Article III, Section 2 of the United States Constitution extends only to concrete 'cases or controversies.'" Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co., 68 F.3d 409, 414 (11th Cir. 1995) (internal citations omitted). Therefore, the threshold question in a declaratory judgement action is whether an "actual controversy" exists.

In determining whether an actual controversy exists the Court must analyze "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Md. Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941) (citing Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-242 (1937)). In regards to insurance disputes specifically, the Supreme Court has ruled that a

4

determination of liability against an insured is not a prerequisite for establishing an actual controversy. Md. Cas Co., 312 U.S. at 273-273; Edwards v. Sharkey, 747 F.2d 684, 686-87 (11th Cir. 1984); see also Util. Serv. Co., Inc., v. St, Paul Travelers Ins. Co., et. al., No. 5:06-CV-207, 2007 WL 188237, at n.5 (M.D. GA. Jan. 22, 2007) ("The Supreme Court has strongly suggested that, for the purposes of declaratory relief, an 'actual controversy' exists between the insured and the insurer, even absent a judgment against the insured.") (internal citations omitted). And, although the Eleventh Circuit has cautioned against the exercise of jurisdiction in suits for declaratory judgment when the question of insurance coverage may never arise absent a liability determination in the underlying case, Edwards, 747 F.2d at 686 (citing Am. Fid. & Cas. Co. v. Pa. Threserman & Farmers' Mut. Cas. Co., 280 F.2d 453 (5th Cir. 1960)), issues of substantial controversy have *already* manifested in the present case with Auto-Owners currently defending the underlying case, which it alleges there is no duty to defend. See State Farm Fire and Cas. Co. v. Myrick, No. 2:06-CV-359, 2007 WL 3120262, at *2 (M.D. Ala. Oct. 23, 2007) ("Courts have recognized a controversy exists regarding the duty to defend when the insured seeks a defense from an insurance company, but the insurance company denies that it is obligated.") (citing Am Fid. & Cas. Co., 280 F.2d at 461).[4]

---

[4] Defendants rely on Util. Serv. Co., Inc., for the proposition that a declaratory judgment is not warranted because no determination of liability has

5

If an actual controversy is present, a federal court has jurisdiction to award declaratory judgment relief. However, the Declaratory Judgment Act has repeatedly been characterized as "an enabling Act, which confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (internal citations and quotations omitted). Accordingly, a district court has substantial discretion in deciding whether to entertain a declaratory judgment action, even if the action falls within its jurisdiction bounds. See id. at 286; see also Am. Fid. & Cas. Co., 280 F.2d at 461 ("The mandatory obligation of a District Court to accept and determine a suit for declaratory relief is not commensurate with the full scope of a 'case or controversy' within the constitutional sense."). Exercising this discretion to abstain is of particular importance in cases where a parallel suit is pending in a state court because "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the

---

been rendered in the underlying case. 2007 WL 188237. However, the Defendants conveniently choose to ignore salient factual differences between that case and the present case. In Util Serv. Co., Inc., an insured brought a declaratory judgment action against their insurer claiming the insurer had breached its duty to defend and duty to indemnify in the underlying state court action. Id. The district court, however, made clear that the insurer was in fact fulfilling its duty to defend, thus leaving only the duty to indemnify as an issue. Id. at 2-3. In contrast to Util Serv. Co., Inc., in this declaratory judgment action the insurers duty to defend is an issue.

6

same parties." Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 495 (1942).

In examining the propriety of abstaining or exercising jurisdiction, the Supreme Court in Brillhart stated that a district court must ask "whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under applicable substantive law, can better be settled in the proceeding pending in the state court." Id. at 495.[5]  When answering that question, Brillhart added:

> This may entail inquiry into scope of the pending state court proceeding and the nature of defenses open there.  The federal court may have to consider whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding, whether necessary parties have been joined, whether such parties are amenable to process in that proceeding, etc.  Id.

Elaborating upon that guidance, the Eleventh Circuit, in Ameritas Variable Life Ins. Co. v. Roach, 411 F.3d 1328 (2005), promulgated a non-exhaustive set of "guideposts" to be considered, including: (i) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts; (ii) whether the judgment in the federal declaratory action would settle the controversy; (iii) whether the federal declaratory action would serve a useful

---

[5] The discretionary standard set forth in Brillhart was reaffirmed in Wilton. Wilton, 515 U.S. at 227.

purpose in clarifying the legal relations at issue; (iv) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"- that is, to provide an arena for a race for *res judicata* or to achieve a federal hearing in a case not otherwise removable; (v) whether the use of the declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; (vi) whether there is an alternative remedy that is better or more effective; (vii) whether the underlying factual issues are important to an informed resolution of the case; (viii) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and (ix) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action.  Id. at 1331.

As an initial matter, Auto-Owners argues that Brillhart and Ameritus are inapplicable because the underlying state court action is not a "parallel" proceeding.  Indeed, in the underlying state court action neither the issue of insurance coverage is pending nor is Auto-Owners presently a party.  A review of the relevant case law, however, suggests that the discretionary standard provided in Brillhart and Ameritus is nevertheless applicable under the circumstances, albeit perhaps in a more limited form.  On one hand, the Eleventh Circuit has made clear that "[i]t is an abuse of discretion . . . to dismiss a declaratory judgment action in favor of a state court proceeding that does not exist."  Fed.

Reserve Bank of Atlanta v. Thomas, 220 F.3d 1236, 1247 (11th Cir. 2000).  On the other hand, abstention is ordinarily warranted in a federal declaratory judgment action where there exists an identity of parties and issues in the underlying state court action.  Ameritus, 411 F.3d at 1330 (citing Brillhart, 316 U.S. at 495).  Between that spectrum, in which a related state court action exists but is not parallel, the Supreme Court in Wilton expressly left open the question of what standard should be applied.  515 U.S. at 290 ("We do not attempt at this time to delineate the outer boundaries of [the district court's] discretion in other cases, for example . . . cases in which there are no parallel state proceedings."). Moreover, the Eleventh Circuit does not appear to have squarely addressed whether the application of the discretionary standard set forth in Brillhart and Ameritus are dependant upon the existence of a parallel state action.  However, other circuits have addressed the issue and appear to hold that a "related" state action still triggers a limited form of discretion.[6]

In applying the Ameritus factors to the present case, it is clear that

---

[6] See Scottsdale Ins. Co. v. Detco Indus., Inc., 426 F.3d 994, 999 (8th Cir. 2005) ("We . . . agree that the district court's discretion is limited when no parallel proceedings are pending in state court, because in those circumstances there are less-pressing interests of practicality and wise judicial administration."); United States v. City of Las Cruces, 289 F.3d 1170, 1182 (10th Cir. 2002) ("We now hold the degree of similarity should be considered in the evaluation of the [Brillhart] factors, rather than considered as a threshold condition."). Those cases are distinguishable from those in which *no* state court action is pending, and to which the Eleventh Circuit in Thomas has seemingly foreclosed a district court's discretion in exercising jurisdiction.  220 F.3d at 1247.

abstention is not warranted. The first, second and third factors all weigh in favor of deciding the declaratory judgment action. Although the insurance policy was issued in Georgia to citizens of Georgia, Georgia nevertheless has no particular interest in this federal declaratory judgment action as no Georgia state court has been called upon to decide the sole issue raised–insurance coverage. Additionally, it can not be reasonably disputed that the federal declaratory judgment action would not both "settle the controversy" and "serve a useful purpose in clarifying the legal relations" surrounding insurance coverage.

Under the fourth factor–whether the declaratory remedy is being used merely for the purpose of "procedural fencing"–Defendants assert that any determinations by this Court would give rise to issues of *res judicata* in the state court action because "[t]he facts surrounding the failure of the dam and the alleged property damage to the downstream landowner is key to a determination of liability in the underlying state court action," and those "same facts will be critical to a determination of coverage." (Doc. 5, at 6). However, absent from that conclusory statement is any elucidation of which facts, the determination of which, will necessarily give rise to issues of *res judicata* in the underlying state court action. Nor do Defendants state how the determination of the facts surrounding the failure of the dam and the alleged property damage to Craft is even implicated in the present declaratory judgement action in the first instance. Morever, under Georgia law, whether there exists a duty to defend is determined

by comparing the language of the insurance contract with the allegations of the complaint.  Penn-America Ins. Co. v. Disabled Am. Veterans, Inc., 268 Ga. 564, 565, 490 S.E.2d 374, 376 (1997); accord Great Am. Ins. Co., v. McKemie, 244 Ga. 84, 85, 259 S.E.2d 39, 40-41 (1979).  Therefore, because Auto-Owner's duty to defend can be analyzed without making factual determinations, Defendants' position that factual determinations of this Court will have *res judicata* effect on the state court action is hardly tenable.[7]

The fifth and sixth factors similarly support a conclusion that this Court should retain jurisdiction over the federal declaratory action.  The issue of insurance coverage is not currently pending in the underlying state court action, thus obviating concerns of federalism, comity or gratuitous interference with state court proceedings.  Similarly, delaying the issue of Auto-Owner's duty to defend until a determination of liability is made in the underlying suit is no more an efficient alternative and would not prevent piecemeal litigation; upon motion, the state court could entertain the duty to defend issue either currently, by staying the underlying proceedings and hearing the issue separately, or after a determination of liability is made.  Under any of the alternatives, whether the issue is decided in the underlying action or in the present action, the litigation would piecemeal, thus

---

[7] As is discussed, *infra*, the Plaintiff's duty to indemnify will not be considered until after either a final disposition of the underlying state court action or a ruling on the duty to defend.

considerations of judicial economy do not favor abstention.

With respect to the seventh and eighth factors, the underlying factual issues are not important to an informed resolution of this case. As discussed earlier, an insurer's duty to defend a lawsuit brought against its insured is determined by comparing the language of the insurance contract to the allegations set forth in the complaint, regardless of the truth of falsity of such allegations. Penn-America Ins. Co., 268 Ga. at 565, 490 S.E.2d at 376. Likewise, should the issue of Auto-Owner's duty to indemnify even need to be decided, Defendants have made no specific showing of any overlapping issues of fact or law that would arise in the two cases.

Finally, under the ninth factor, although the issues of insurance coverage raised in this action must be decided in accordance with state law, they are not currently pending in the state court action. Consequently, this factor does not favor abstention.

In sum, application of the nine Ameritus factors counsels strongly in favor of retaining jurisdiction over this declaratory judgment action. To dismiss or stay this action in its entirety would deny Auto-Owners prompt resolution of the actual controversy surrounding insurance coverage, especially its duty to defend, and would not promote the objectives of federalism, efficiency, and comity that underlie the Federal Declaratory Judgment Act and Brillhart/Wilton doctrine.

This Court's determination that Auto-Owner's present duty to defend claim

may go forward leaves unresolved the present duty to indemnify claim. A determination of liability in the underlying state court action could moot that issue in this action. Therefore, discretion and common sense dictates the following approach, which has been adopted by other District Courts within this Circuit. See Atlantic Cas. Ins. Co., 2007 WL 4335499, at *5-6; Smithers Construction, Inc. v. Bituminous Cas. Corp., 563 F.Supp.2d 1345, 1349 (S.D. Fla. 2008). This action will proceed to final ruling on the duty to defend issue. The duty to indemnify issue will not be considered until the earlier of (a) a final disposition of the underlying state court action; or (b) a ruling on the duty to defend.

### III.   CONCLUSION

For all of the foregoing reasons, the Defendants Hickory Springs Estates Homeowners Association, Inc. and Edward M. Beckham, III's Motion to Dismiss or, in the alternative to stay, Plaintiff's Complaint (Doc. 5), as well as Defendant Richard Craft's Motion to Dismiss or, in the alternative, to stay Plaintiff's Complaint (Doc. 11), are DENIED.

**SO ORDERED**, this the   23rd   day of December, 2008.

s/Hugh Lawson
**HUGH LAWSON, JUDGE**

wjc