# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| **AUTO-OWNERS INSURANCE, COMPANY** | : : : | |
| Plaintiff, | : : | |
| v. | : : | Civil Action No. 5:08-CV-049 (HL) |
| **HICKORY SPRINGS ESTATES HOMEOWNERS ASSOCIATION, INC., EDWARD M. BECKHAM, III AND RICHARD CRAFT** | : : : : : | |
| Defendants. | : | |

## ORDER

Before the Court is the Parties' Joint Motion to Stay Proceedings (Doc. 24). For the following reasons, the motion is denied and the case is dismissed for lack of jurisdiction.

**I.   BACKGROUND**

Having set forth the facts of this case in detail in this Court's Order dated December 23, 2008 (Doc. 21), the following are facts pertinent only to the present motion. Defendant Hickory Springs Estates Homeowners Association ("Hickory Springs") is a neighborhood association organized in conjunction with Hickory Springs Estates located in Macon, Georgia. On March, 28, 2006, a dam located

1

in Hickory Springs Estates and upstream from Defendant Richard Craft ("Craft") failed, allegedly causing damages to Craft's property.  Subsequently, on June 19, 2007, Craft filed a complaint in the Superior Court of Macon County, Georgia against Hickory Springs and Edward M. Beckham ("Beckham"), the President and Registered Agent of Hickory Springs.  Following a motion to transfer venue, the case was transferred to the Superior Court of Houston County, Georgia, Civil Action No. 2008-V-091191L.

On February 29, 2008, Auto-Owners Insurance Company ("Auto-Owners") brought this present action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. § 2201, to declare the rights and legal relations with respect to the underlying dispute.  Having issued a commercial general liability insurance policy to Hickory Springs that provided certain coverage during the time period of interest, Auto-Owners seeks a declaration that it has no duty to defend or indemnity Hickory Springs or Beckham in the underlying action.  After receiving notice of the underlying action, Auto-Owners retained counsel to defend Hickory Springs and Beckham.

On June 6, 2009, the Parties filed the present Joint Motion to Stay Proceedings.  The Parties informed the Court that Craft dismissed the underlying action in the Superior Court of Houston County.  The Parties also assert that Craft "intends to re-file the underlying action within the very near future."  Because Craft intends to re-file the underlying action the Parties request the present action be

stayed pending the re-filing. After careful consideration, this Court finds that this case must be dismissed for lack of jurisdiction.

## II. DISCUSSION

The Declaratory Judgment Act provides that: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filings of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such a determination, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). "Congress limited federal jurisdiction under the Declaratory Judgment Act to actual controversies, in statutory recognition of the fact that federal judicial power under Article III, Section 2, of the United States Constitutional extends only to concrete "cases or controversies." Atlanta Gas Light Co. v. Aetna Cas. & Sur. Co., 68 F.3d 409, 414 (11th Cir. 1995) (internal citations omitted). Therefore, the threshold question in a declaratory judgment action is whether an "actual controversy" exists.

As explained by this Court's December 23, 2008 Order, an actual controversy exists in the context of insurance disputes where the insurer is currently defending an underlying case but disputes its obligation to do so. See State Farm Fire and Cas. Co. v. Myrick, No. 2:06-CV-359, 2007 WL 3120262, at *2 (M.D. Ala. Oct. 23, 2007) ("Courts have recognized a controversy exists regarding the duty to defend when the insured seeks a defense from an insurance company, but the insurance company denies that it is obligated.") (citing Am Fid

& Cas. Co. v. Pa. Threserman & Farmers' Mut. Cas. Co., 280 F.2d 453, 461 (5th Cir. 1960)).  Prior to the dismissal of the underlying state court action the facts of this case aligned with that standard, as Auto-Owners was defending Hickory Springs and Beckham in the underlying state court action while also disputing that it had a duty to defend them.

Conversely, an actual controversy does not exist in cases of this nature where the duty to defend is not in dispute.  See, e.g., Util. Serv. Co., Inc., v. St. Paul Travelers Ins. Co., et al., No. 5:06-CV-207, 2007 WL 188237 (M.D. GA. Jan 22, 2007) (declining to make a declaratory judgment of insurer's duty to indemnify where state court had yet to make liability determination and insurer did not contest its duty to defend).  With the dismissal of the underlying state court action Auto-Owners no longer bears the burden of defending Hickory Springs and Beckham.  The issue of Auto-Owners' duty to defend is therefore not currently in dispute.  Moreover, Craft's asserted intention to re-file the underlying action is immaterial; federal jurisdiction under the Declaratory Judgment Act is limited to *actual* controversies.  Atlanta Gas Light Co., 68 F.3d at 414.  Accordingly, the Court finds that there no longer exists an actual controversy.

### III.   CONCLUSION

For all of the foregoing reasons, this case is dismissed for lack of jurisdiction.  The Parties' Joint Motion to Stay Proceedings (Doc. 24) is denied as moot.

**SO ORDERED**, this the 11th day of June, 2009.

*s/ Hugh Lawson*

**HUGH LAWSON, JUDGE**

wjc